JOHNSON *v.* BROOKLYN & C. R. Co.   SAME *v.* STEINWAY & H. P. R.
Co.   SAME *v.* LEWIS & FOWLER MANUF'G CO.

*(Circuit Court, E. D. New York.   December, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—RAILROAD SWITCHES

    It having been heretofore held by the court (33 Fed. Rep. 499) that letters patent No. 117,198, granted to Thomas Newman, complainant's assignor, July 18, 1871, for an improvement in switches for horse railroads, were valid, *held*, that the device used by defendants in this suit was an infringement of such patent, and that the new evidence adduced in this case called for no modification of the previous decree.

In Equity.   On bill for injunction.

*Duncan, Curtis & Page*, (*Robert H. Duncan*, of counsel,) for complainants.

*Frost & Coe*, (*Louis W. Frost*, of counsel,) for defendant.

LACOMBE, J.   This patent was before Judge COXE in *Johnson* v. *Railroad Co.*, 33 Fed. Rep. 499.   After investigating the state of the art as disclosed by an examination and comparison of the various patents put in evidence in that case, he reached the conclusion that Newman (complainant's assignor) was the pioneer inventor of a combination, being the first to produce a practical horse-railroad switch, which could be operated by the weight of the draught animals oscillating a tip-table, the verticle movement of which is converted by connecting mechanism into horizontal movements of a switch-tongue.   Whatever improvements upon Newman's invention are found in the device used by defendants, the latter is plainly an infringement of his patent when thus broadly construed, and the only point left for discussion is whether or not the state of the art will warrant so broad a construction.   This, however, has been decided by Judge COXE, and the only question is whether the new evidence presented in this case calls for any modification of that decision.   Several prior patents, not before him, have, it is true, been introduced, but they do not show any more clearly an anticipation of the combination of the Newman patent than did the Sansom and Alexander patents, which were considered in the former case.   Decree for complainant.